## W. E. TROTTI v. GAAR, SCOTT & COMPANY.

Decided March 3, 1910.

**Principal and. Surety—Promissory Note—Assumption by Third Party—Extension of Time—Surety not Released, when.**

When one for a valuable consideration becomes a surety on promissory notes at the time they are executed, and agrees that payment of said notes might be extended without notice to him and without affecting his liability, and subsequently, for the purpose of protecting himself against probable loss, is instrumental in having the makers of the notes sell and transfer to a third party the property for the purchase money of which the notes were given and extension of time of payment granted by the holder of the notes to the party assume the payment of said notes, such surety will not be discharged by an extension of time of payment granted by the holder of the notes to the party assuming their payment.

Error from the District Court of Jefferson County. Tried below before Hon. L. B. Hightower, Jr.

*W. W. Blake* and *Roi Blake,* for plaintiff in error.—Contracts are binding only on the parties to them. Defendant sold the property to Byerly and took his note in payment, and plaintiff endorsed the note, which contained an agreement that time of payment might be extended to Byerly without notice to plaintiff. But when Byerly delivered up the property (which was security for the debt) to the defendant (who was the seller), and the same was sold to a third person (Seale) in consideration of the assumption of the notes and the extension of the time to Seale, plaintiff could not be bound by this later contract, and it would release him from the agreement and from liability as endorser. Morris v. Booth, 18 S. W., 639; Heaton v. Angier, 7 N. H., 397; Kountz v. Holthouse, 85 Pa., 235; Byles on Bills, 384; Story on Promissory Notes, sec. 416.

A new debtor (C. N. Seale) having been substituted by written contract with the original creditor, joined by the original debtor, constitutes a complete novation of the original contract and releases the surety on the old contract. Gimble & Sons v. King, 43 Texas Civ.

App., 188; Brown v. Fountain, 3 Texas Civ. App., 232; Bank of Uniontown v. Mackey, 140 U. S., 220; 29 Cyc., 1136; 24 Am. & Eng. Ency. Law, 833-837, 1 ed.

*Crook, Lord & Lawhon*, for defendant in error.—In the absence of clear and convincing proof that at the time Gaar, Scott & Company agreed that C. N. Seale might assume the payment of the notes and retain the machinery, that there was an agreement among all the parties 'that Byerly Brothers and W. E. Trotti should be released and the old debt discharged, plaintiff in error Trotti could not defeat the liability on said notes by reason of the agreement with Seale. Scott v. Atchison, 36 Texas, 76, 38 Texas, 384; Gimble & Sons v. King, 43 Texas Civ. App., 188, 24 Cyc., 1131.

McMEANS, Associate Justice.—Suit by Gaar, Scott & Co., a corporation, against W. F. Byerly and J. W. Byerly on four promissory notes aggregating $1,585, and against W. E. Trotti as surety upon two of said notes first maturing, aggregating $796, less a credit of $95.12.

The notes were executed for the payment of the purchase money for certain sawmill machinery purchased by Byerlys from Gaar, Scott & Co., and were secured in part by a mortgage upon the machinery, and a foreclosure of the mortgage was prayed for.

Upon an allegation in the petition that plaintiff entered into an agreement in writing with C. N. Seale whereby said Seale, with the knowledge and consent and for the benefit of the defendants Byerly and Trotti, took over the mortgaged property and bound himself to pay the four notes sued upon, and in further consideration for his obligation to pay same plaintiff had extended the time of payment of the two notes first maturing, said Seale was made a party defendant, and a judgment was prayed for against him also.

Defendant Trotti answered by general denial, and specially pleaded that he endorsed the two notes referred to as an accommodation endorser, and without consideration, and that if he had ever been bound as surety by such endorsement he had been released from liability by the act of plaintiff in repossessing itself of the mortgaged property and selling the same to Seale, and in granting to Seale an extension of time for the payment of the notes upon which he was endorser.

The case was tried by the court without a jury, and resulted in a judgment for plaintiff against all defendants for the amount of the two notes first maturing, and against the Byerlys and Seale upon the remaining notes, and for foreclosure of the mortgage lien upon the property described in the mortgage. From this judgment defendant Trotti alone has appealed.

The court filed its findings of fact and conclusions of law, which we adopt, and copy so much of same as bears upon the issues presented on Trotti's appeal:

"First. I find that on April 9, 1906, the defendants, W. F. Byerly and J. W. Byerly, purchased from plaintiff Gaar, Scott & Co. . . ." (Here follows a list of the property purchased.)

"That the defendants, W. F. and J. W. Byerly, purchased said ma-

chinery for the purpose of running and operating a sawmill in the town of Jasper, Jasper County, Texas, and that in payment of said machinery the defendants, W. F. and J. W. Byerly, on April 9, 1904, executed and delivered to plaintiff four promissory notes, the first three of which notes were in the sum of $398, and the fourth of said notes for the sum of $391, said notes being due and payable on or before the 1st day of July, 1906, on or before the first day of November, 1906, on or before the first day of March, 1907, and on or before the first day of August, 1907, respectively, in their order, all of said notes bearing interest at the rate of eight percent per annum from date until due and ten percent per annum after maturity, and providing for ten percent attorney's fees if said notes should be placed in the hands of attorneys for collection or if suit were brought, and that simultaneously with the execution of said notes defendants, W. F. Byerly and J. W. Byerly, gave to the plaintiff a chattel mortgage on the property hereinbefore described to secure the payment of said notes.

"Second. I further find that the defendant W. E. Trotti, at the time of the signing of said notes by W. F. and J. W. Byerly, became a surety on the first two of said notes, and that his becoming a surety thereon was based on a valuable consideration, such consideration being a contract between the defendant Trotti and the defendants W. F. and J. W. Byerly, whereby the said Byerlys were to sell to the defendant Trotti and C. N. Seale, a firm doing business under the name of Sandy Creek Lumber Company, the entire output of the sawmill to be operated by the defendants W. F. and J. W. Byerly.

"Third. I further find that after the delivery of said notes and mortgage the defendants W. F. and J. W. Byerly commenced the operation of the sawmill, but that they did not make a success of said business, and on account of their inability to further operate said mill they were forced to close it down, and that the defendant W. E. Trotti, in order to protect himself by reason of becoming a surety on the two notes hereinbefore mentioned, induced the defendants W. F. and J. W. Byerly to transfer the property on which plaintiff held its mortgage to the defendant C. N. Seale, the defendant Seale agreeing to assume the payment of the four notes hereinbefore mentioned, and that such agreement was consummated on the first day of September, 1906, on which date the defendants W. F. and J. W. Byerly transferred to C. N. Seale by written bill of sale all of their right, title and interest in and to the property on which plaintiffs held their mortgage, and a part of the consideration of said transfer was the assumption of the defendant Seale of the payment of said notes, all of which were unpaid on said date. That said arrangement was made without the knowledge or consent of the Gaar, Scott & Co., but with the full knowledge and consent of the defendant, W. E. Trotti, who assisted in negotiating the transfer of said property to the defendant C. N. Seale. That the defendant Trotti helped negotiate said sale for the purpose of getting the property into the hands of the defendant C. N. Seale, and with the expectation that Seale would make a success in operating said mill, and would thereby pay off the notes due to Gaar, Scott & Co., and by making such payment would re-

lieve the defendant Trotti of liability by reason of his becoming surety on the first two of said notes.

"Fourth. I further find that after the consummation of the sale of property by W. F. and J. W. Byerly to C. N. Seale that the plaintiff was made aware of such transfer, and that at the request of the defendant Trotti agreed that the defendant Seale might continue to hold the property under transfer from the defendants W. F. and J. W. Byerly in consideration that the defendant Seale would assume the payment of the said notes and mortgage, but I find that there was no agreement on the part of Gaar, Scott & Co. to release either W. F. Byerly and J. W. Byerly or the defendant W. E. Trotti, and that the agreement of Seale to assume the payment of the notes was intended that the said Seale should become jointly liable with the other defendants as to payment of said debt.

"Fifth. I further find that when Gaar, Scott & Co. entered into the agreement with the defendant Seale, wherein said Seale agreed to assume the payment of said notes, the plaintiff Gaar, Scott & Co. agreed to extend the time of payment of the first two of said notes, the first of said notes at the time being due, and plaintiff agreed to extend the time of payment of the first note until November 1, 1906, and that if first note was paid on November 1, 1906, to extend the second note until December 1, 1906; and I also find that the defendant W. E. Trotti, at the time of becoming surety on said notes, agreed that payment of said notes might be extended without notice to him and without affecting his liability.

"Sixth. I find that none of said notes have been paid with the exception that $95.12 was paid on the first of said notes on April 15, 1907, and that the balance due on all of said notes, together with ten percent attorney's fees, remains due and unpaid.

"Seventh. I find that under the terms of the mortgage on said property that it is provided that in case of foreclosure of said mortgage that the proceeds of the sale of said property would be applied as follows: First, to the court costs and expenses of taking, keeping and selling the same; second, on the indebtedness secured by said mortgage, based on the notes on which there were no sureties, endorsers or guarantors; third, on the indebtedness based on notes on which there were sureties, endorsers or guarantors, and that the notes upon which the defendant W. E. Trotti became surety provided that said surety sign the same subject to all the terms and provisions of said mortgage, and that the said W. E. Trotti became surety on said notes with full knowledge of all the provisions of said mortgage, and that he expressly agreed to become bound by the terms thereof."

*Conclusions of law.*—"First. I find, as a matter of law, that the agreement between the plaintiff and C. N. Seale whereby time of payment of the notes guaranteed by the defendant Trotti was extended, did not have the effect of releasing the defendant Trotti of liability thereon.

"Second. I find, as a matter of law, that the transfer of property from W. F. and J. W. Byerly to C. N. Seale, wherein it was agreed that the defendant Seale should assume the payment of all of said

notes, which agreement was assented to by Gaar, Scott & Co., as shown in the foregoing findings of fact, did not release the defendant Trotti from liability on the two notes on which he was surety.

"Third. I find, as a matter of law, that the plaintiff should have judgment against the defendants W. F. and J. W. Byerly and C. N. Seale and the defendant W. E. Trotti for the amount of the principal, interest and the attorney's fees due on the first two of said notes, less credit of $95.12 on the first of said notes of date of April 15, 1907, and that the plaintiff should have judgment against the defendants W. F. and J. W. Byerly and C. N. Seale for the principal, interest and attorney's fees due on the last two notes, and that plaintiff's mortgage should be foreclosed, and that the proceeds of said sale should be applied, first, to the payment of court costs and expenses of keeping and selling said property; second, to the payment of the amount due on the two notes on which the defendant Trotti is not surety; third, to the payment of the notes on which the defendant Trotti is surety, and the balance, if any, to the defendant C. N. Seale.

"Fourth. I find, as a matter of law, that the defendant W. E. Trotti is a surety on said notes, and that after the above described personal property on which plaintiffs hold their mortgage has been sold and applied as hereinbefore set forth, that if the judgment against the defendant W. E. Trotti is not satisfied, that execution should issue against all of said defendants, but that the sheriff shall first make levy upon the property of the defendants W. F. Byerly, J. W. Byerly and C. N. Seale, if so much of the property of said defendants can be found in the county of Jefferson as will be sufficient to satisfy said judgment; but if enough property of said defendants can not be found to satisfy said judgment against defendant Trotti, then he be directed to levy upon the property of the defendant W. E. Trotti, and that the attachment liens hereinbefore set forth should be foreclosed and said property sold to satisfy the judgment against the defendant W. E. Trotti, in case the same is not collected against the other defendants as hereinbefore set forth, and that if said property shall not sell for enough to satisfy said judgment execution should issue against the defendant W. E. Trotti for the balance, and judgment is accordingly so entered."

The appellant by appropriate assignments of error has attacked the court's second, third and fourth findings of fact as not being supported by the testimony. We have examined the record, and find that each of the findings complained of is amply supported by the testimony, and the assignments can not therefore be sustained.

We think that the court's conclusions of law, based upon the facts as found, are correct, and therefore the appellant's assignments of error complaining of the court's first, second and third conclusions of law must be overruled.

We think that none of the assignments present any reversible error, and are of the opinion that the judgment of the court below should be affirmed, and it is so ordered.

*Affirmed.*

Writ of error refused.